IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEBORAH ANN HALBACH,<br><br>    Plaintiff,<br><br>  vs.<br><br>HYATT CORPORATION, a Delaware Profit Corporation; HYATT HOTELS CORPORATION, a Delaware Profit Corporation; WAILEA HOTEL & BEACH RESORT, L.L.C., a Delaware Limited Liability Company,<br><br>    Defendants. | CIVIL NO. 20-00032 JAO-WRP<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

## **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On February 10, 2020, Plaintiff Deborah Ann Halbach ("Plaintiff") filed a Complaint, ECF No. 1, asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. Compl. ¶ 5. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than

each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989)). The natural person's "state citizenship is then determined by her state of domicile, not her state of residence. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). A corporation is a citizen of "(1) the state where its principal place of business is located, *and* (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)) (emphasis added). By contrast, the citizenship of an unincorporated association, such as a limited partnership, "can be determined only by reference to all of the entity's members." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject-matter

jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

In the Complaint, Plaintiff asserts she is a citizen of California. She also alleges that Defendant Hyatt Corporation and Defendant Hyatt Hotels Corporation ("Hyatt Defendants") are Delaware Profit Corporations, organized under the laws of Delaware, and therefore citizens of Delaware. Compl. ¶ 5. A corporation is a citizen of *both* the state of its incorporation as well as the state where its principal place of business is located. *See Johnson*, 437 F.3d at 899; *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990–91 (9th Cir. 1994) ("[W]e cannot disregard *either* [the corporation's] site of incorporation . . . or its principal place of business . . . when testing for complete diversity." (footnote omitted) (emphasis added)). Thus, Plaintiff's allegations are deficient as they fail to identify the principal place of business as to each of the Hyatt Defendants, i.e., "the place of actual direction, control, and coordination." *3123 SMB LLC v. Horn*, 880 F.3d 461, 471 (9th Cir. 2018) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010)).

Plaintiff also alleges that Defendant Wailea Hotel & Beach Resort, L.L.C. ("Wailea Hotel LLC") is a Delaware Limited Liability Company and is "deemed to

3

be [a] citizen[] of the State of Delaware for diversity jurisdiction purposes" because it "is organized and existing under the laws of Delaware." Compl. ¶ 5. However, the citizenship of an unincorporated association, such as a limited liability company, "can be determined only by reference to all of the entity's members," and not the laws under which it is organized or where it is registered to do business. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)). Here, Plaintiff fails to identify any of Wailea Hotel LLC's members and their respective citizenships.

Absent the foregoing information, the Court is unable to ascertain whether diversity jurisdiction exists. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a response to this Order to Show Cause by **March 9, 2020**, providing complete information concerning Defendants' citizenships.[1] Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

//

---

[1] If any of Wailea Hotel LLC's members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Plaintiff shall additionally identify those entities' members and provide their citizenships.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 24, 2020.



Jill A. Otake
United States District Judge

CV 20-00032 JAO-WR; *Halbach v. Hyatt Corporation*, et al.; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

5